CULPEPPER, Judge.
The plaintiff, a claimant for unemployment compensation, appeals from a judgment of the district court which affirmed an adverse ruling of the Board of Review Division of Employment Security.
The issue is whether there was sufficient evidence to support the finding of fact by the Board of Review. The claimant, an employee in the kitchen of a restaurant, contends she left her employment because the owner told her “to get the hell over there and start washing them dishes.” The employer denied using such language. He says plaintiff quit without any cause whatsoever.
The findings of fact and opinion of the Board of Review are as follows :
“Findings of Fact
“The claimant had worked 15 years for this employer as a cook and doing general kitchen work, earning $55.00 a week at the time of separation. She became dissatisfied with the work and went to the owner and resigned, giving him no reason at the time. The employer has denied that he did or has ever expressed himself to her as she has indicated. He did give her some instructions that last day, which she resented. Her work was satisfactory during her period of employment and she received all benefits given to all employees.
“Opinion
“R.S. 23:1601(1) provides that a claimant shall be disqualified for leaving employment without good cause connected with the employment. * * *
“The evidence and facts show that the claimant left this employment of her own accord because she was not satisfied with the way she was treated by the employer on this one occasion. The employer has denied ever talking to her as she has stated. There is nothing to show that her employer was being unreasonable with her or abusing her in any way. Therefore, it is held that her leaving was for personal reasons and without good cause connected with the work.”
LSA-R.S. 23:1634, regulating judicial review of decisions of the Board of Review, provides in pertinent part: “In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
In the present case there was conflicting testimony. Plaintiff says she went to get a drink of water and her employer told her to “get the hell over there and wash them dishes.” The employer, Mr. Giamanco, denied any such language or incident. He says he was talking to a friend when plaintiff came up and announced that she was quitting. Mr. Giamanco testified he paid her off and she left.
*136 We think the findings of the Board of Review are supported by sufficient evidence.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.